JOSEPH A. ROBERTS & COMPANY, plaintiffs in error, *vs.* THOMAS A. BARROW *et al.*, defendants in error.

Plaintiffs informed the defendants that they held a note on a firm in which the latter had been partners. In fact, the note was given by one of the members of said firm after dissolution, but for goods purchased before. On the 3d of May, 1871, the defendants forwarded to plaintiffs their note due at seven months, and on the sixth of the same month the latter returned the note held by them signed by C. in liquidation for C. K. & Co. Nothing further appears to have been done until February 26th, 1872, when the defendants notified the plaintiffs that their note would not be paid, as it was obtained by fraud. Upon this statement of

facts the court erred in not charging the jury that if the defendants, after a full knowledge of the fact that C. had signed the copartnership name to the note of 16th of May, 1868, in liquidation of the account due by the firm, for which the note of the defendants was given, did not, within a reasonable time thereafter, return the note to the plaintiffs, and repudiate the act of C. in signing it for the firm, then they would in law be held to have ratified the act of signing by their silence and acquiescence, and could not afterwards allege that the note given by them was obtained by the fraud of the plaintiffs.

Principal and agent. Partnership. Before Judge KID-DOO. Decatur Superior Court. May Term, 1874.

For the facts of this case, see the decision.

FLEMING & RUTHERFORD, for plaintiffs in error.

McGILL & ONEAL; B. B. BOWER, for defendants.

WARNER, Chief Justice.

The plaintiffs brought an action against the defendants on a promissory note for $286 75, payable to themselves, dated 3d of May, 1871, and due seven months after date. To this action the defendants pleaded that the note was improperly obtained from them by a misrepresentation of facts on the part of the plaintiffs, in this, that the plaintiffs wrote to defendants that they held a note against the firm of Christian, Kennedy & Company, of which the defendants had been members, and believing that the note had been given to the plaintiffs by some member of the firm of Christian, Kennedy & Company during the existence of said partnership, and that they were bound to pay it, and only learning to the contrary thereof when the note for which the one now sued on was given was returned to them by plaintiffs, when they discovered that the note represented to have been given by Christian, Kennedy & Company, was executed by Christian, alone, after the dissolution of the copartnership, when he had no authority to bind the firm; that at the date of the note given by Christian to the plaintiffs he was entirely solvent, and remained so for more than two years; that plaintiffs never wrote to de-

fendants requesting the payment of the note, which they said they held on the firm of Christian, Kennedy & Company until after Christian became insolvent, etc. On the trial, the correspondence between the parties and other evidence was introduced, and the jury found a verdict for the defendants. A motion was made for a new trial on the several grounds set forth in the motion, which was overruled, and the plaintiffs excepted.

The note, for which the one now sued on was given, was signed by Henry R. Christian, in liquidation for Christian, Kennedy & Company, and dated 16th May, 1868. On the 1st of June, 1870, the plaintiffs informed the defendants, by letter, that they held a note on Christian, Kennedy & Company for $235 79, and urged payment thereof. Several letters were written by the respective parties, the plaintiffs requesting the payment of the claim, the defendants promising to settle it as soon as they could obtain the money, and asking indulgence, saying they would give their note for the amount due next December, which is the note sued on, dated 3d May, 1871, and due seven months after date. On the receipt of the defendants' note by plaintiffs, they, on the 6th of May, 1871, returned them the note signed by Henry R. Christian, in liquidation for Christian, Kennedy & Company. There is no doubt that the firm of Christian, Kennedy & Company purchased the goods of the plaintiffs, for which the note signed by Christian, for Christian, Kennedy & Company, was given, and had not paid for the same.

The defense set up is, that at the time Christian executed that note in liquidation of the plaintiffs' account, the firm had been dissolved, and he had no legal authority to sign the firm name; that he was not then the agent of the other partners, and could not bind them by signing the firm name to the note in liquidation of an account which the firm justly owed. By the law of this state, after the dissolution of a copartnership, one partner has no power to bind the firm by a new contract, or to revive one already for any cause extinct, or to renew, or continue an existing liability, or change its dignity, or its

Roberts & Company *vs.* Barrow *et al.*

nature : Code, 1917. So long as the copartnership continues, each partner is the agent of the other partners in relation to the business of the copartnership, and will be bound by his acts. Although at the time Christian executed the note to the plaintiffs, for the firm of Christian, Kennedy & Company, for a debt due by the firm to them, the copartnership was in fact dissolved, still, it was competent for the other partners to ratify his act in signing the copartnership name to the note, and they would be bound by such ratification. Did the defendants, by their conduct, after a full knowledge that Christian had signed the copartnership name to the note in question, repudiate his act, or did they, by their silence, and conduct ratify it so far as to estop them from setting up the defense now relied on to the note in suit ? What did they do in relation to the matter ? In May, 1871, the note signed by Christian for the firm, was forwarded to them ; they knew the facts then. It is true they had given their note to the plaintiffs, but did they return the note promptly to the plaintiffs, and repudiate the transaction, as it was their duty to have done if they intended to disavow his authority to bind the firm by the giving the note in liquidation of the account they justly owed They did nothing of the kind, but on the contrary, after receiving the note in May, they remained silent, acquiesced in what they knew Christian had done, retained the note in their possession until the plaintiffs' account was barred by the statute of limitations, and then, on the 26th of February, 1872, after the expirations of ten months, instructed their attorney to inform the plaintiffs that the note given by them would not be paid, as the same was obtained through fraud. If Christian had no authority, as the agent of the other partners, to bind them by signing the note in question after the dissolution of the partnership, still, if they acquiesced and remained silent after full knowledge of the facts, and retained the note so signed and forwarded to them by the plaintiffs, in exchange for the note given by them, they will in law be considered as having ratified the giving of the note by Christian in the copartnership name for a debt justly due by the firm. The rat-

ification of the unauthorized act of an agent, may be implied under certain circumstances, from the silence of the principal : 14 *Georgia Reports*, 124 ; 39 *Ibid.*, 586 ; Code, section, 2192. In view of the facts of this case, the court, in our judgment, erred in not charging the jury that if the defendants, after a full knowledge of the fact that Christian had signed the co-partnership name to the note of 16th of May, 1868, in liquidation of the account due by the firm, for which the note of the defendants was given, did not, within a reasonable time thereafter, return the note to the plaintiffs, and repudiate the act of Christian in signing it for the firm, then they would in law be held to have ratified the act of Christian in signing it, by their silence and acquiesence, and could not afterwards allege that the note given by them was obtained by the fraud of the plaintiffs.

Let the judgment of the court below be reversed.