## Richmond.

### CITY OF PETERSBURG *v.* COCKE.

January 28, 1897.

1. MUNICIPAL CORPORATIONS—*Power to tax non-residents—License tax on non-resident attorneys-at-law.*—The Legislature has power to authorize municipal corporations to impose taxes on persons whose ordinary avocations are pursued within the corporate limits, although residing beyond those limits, the same as upon residents, and, in the case at bar, the city of Petersburg has power, under its charter, to impose a license tax on an attorney-at-law having his office and place of business in the city, and practicing his profession therein, although he resides outside of the city's limits, in like manner as upon an attorney residing and doing business within the city.

2. CITY ORDINANCE—*License tax on " every attorney-at-law."*—A city ordinance imposing a specific license tax "on every attorney-at-law" includes non-resident attorneys who have offices and practice their profession ·in the city, as well as resident attorneys.

Error to a judgment of the Circuit Court of the city of Petersburg, rendered February 13, 1894, in an action of *assumpsit*, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*George Mason*, for the plaintiff in error.

*George S. Bernard*, for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This was an action of assumpsit in the Circuit Court of the city of Petersburg by the defendant in error, John J. Cocke, to recover of the said city the sum of $30.35, the license tax

imposed upon him, under an ordinance of the common coun-
cil, for the privilege of practicing his profession as an attorney
at law in the city, during the year beginning the 1st day of
May, 1890, and ending April 30, 1891, and the sum of $24.90
for a like privilege for the year beginning May 1, 1893, and
ending April 30, 1894, both of which sums were paid, as
alleged, under protest. Issue was made up on the plea of
"*non assumpsit*," and the whole matter of law and fact was
submitted to the decision of the court, which decision was in
favor of the plaintiff, and judgment rendered in his favor
against the city for the sums demanded, with interest. To
this judgment the city applied for and obtained from this
court a writ of error and supersedeas.

The case as here presented, is differentiated from the case
of *Ould & Carrington* v. *City of Richmond* (decided by this
court), 23 Gratt. 464, only by the fact that the plaintiff is a
resident of the county of Prince George, but has his law office
and place of business in the city of Petersburg, where he goes
almost daily to transact his business in the practice of his pro-
fession.

Sec. 2 of Chap. 4 of the charter of Petersburg, provides as
follows:

"For the execution of its powers and duties, the common
council may raise annually, by taxes and assessments, in said
city, such sums of money as they may deem necessary to de-
fray the expenses of the same, and in such manner as they
may deem expedient, in accordance with the laws of the State,
and the United States," &c. Acts 1874-'5, p. 143.

A provision identical with the above was contained in the
charter of the city of Richmond; and, in the case of *Ould &
Carrington* v. *City of Richmond, supra,* this court held that
a tax imposed and collected, under an ordinance of the com-
mon council made in pursuance of said section of the city's
charter, from Ould & Carrington, residents of the city, hav-
ing their law office and place of business therein, was not an

encroachment upon the constitutional rights of citizens; that such a tax was authorized by the charter of the city, and therefore valid.

This case has been cited by this court, with approval, in the cases of *Humphreys* v. *City of Norfolk*, 25 Gratt. 98; *W. U. T. Co.* v. *City of Richmond*, 26 Gratt. 19; *Helfrick* v. *The Commonwealth*, 29 Gratt. 844; *Frommer* v. *City of Richmond*, 31 Gratt. 646; *Town of Danville* v. *Shelton & als.*, 76 Va. 327.

It may therefore be said that the authority of the council of the city of Petersburg, under its charter, to impose and collect from the lawyer residing and practicing his profession in the city, the tax imposed upon and collected of the plaintiff in this case, is adjudicated and settled by the decision of this court; hence, the only question for our consideration and decision is whether or not the tax imposed and collected of the plaintiff was so authorized, he not being a resident of the city of Petersburg, but having his law office and place of business therein.

The Legislature may authorize municipal corporations to impose taxes upon persons whose *ordinary avocations are pursued within the corporate limits,* although residing beyond those limits, the same as upon residents. Dillon on Mun. Cor., sec. 791, and authorities cited in note 1.

Why should it not be so? It was said by Ruffin, C. J., in *City of Wilmington* v. *Roby*, 8 Iredell 254, wherein the right of the city to tax non-residents doing business in the city was maintained: "It is right that it should be so; for, as the defendant has, in the security of his property, the benefit of the night watch and of the police establishments, he ought to contribute reasonably to their expense." See also *Edenton* v. *Copeheart*, 71 N. C. 156; *Savannah* v. *Hines*, 53 Ga. 316; and *W. U. Tel. Co.* v. *City of Richmond, supra.*

It was said by Staples, J., in the last named case: "Another ground taken by the plaintiff is that the act of March 15, 1872,

provides that but one license shall be required of a telegraph company, upon the issuing of which the company's messages may be transmitted through any county or corporation of the State; and that the city of Richmond has no power, in violation of this exclusive grant, to require another tax upon the business of the company."

"It is clear, however, that the act of March, 1872, refers to State taxation and revenue. The object of that act was, no doubt, to relieve telegraph companies from the payment of a tax for each office and place of business, and to authorize the transmission of messages throughout the State under one license, and upon the payment of a single tax. It was not intended to interfere with municipal corporations in the exercise of powers of taxation conferred by their charters, or to strip them of valuable revenues derived from companies and individuals carrying on business within the corporate limits, and under the protection of the corporate government."

The contention of the plaintiff in the case at bar, like that of the telegraph company just referred to, is that having paid the license tax required of him, as a lawyer, under the general statute of the State, he was entitled to practice his profession in the counties and cities of the State without the payment of any additional tax; but it seems to us that the reasoning in the case of the telegraph company, *supra*, applies as well to this.

We are of opinion, therefore, that the attorney having his office and place of business in the city, and practicing his profession therein, although he may reside outside of the city's limit, is as much liable to the tax imposed by the city upon attorneys at law as the attorney residing within the city, and that the tax imposed in the one case is no more an encroachment upon the constitutional rights of the citizen than it is in the other. Justice and equality are of the essence of constitutional taxation, and as there is no suggestion that the taxes imposed upon and collected from the plaintiff, under the ordi-

nance of the city of Petersburg, have been unfairly or partially imposed, no good reason has been or can be given, we think, why the plaintiff should not be required to pay the same. It is not controverted that he has his office, his regular place of business, in the city, to which he comes daily, as do the resident attorneys to their office, for the transaction of his business as an attorney. He enjoys, equally with them, the advantages of carrying on his business in the practice of his profession in a thickly populated city, which offers many inducements as well as advantages, both in increased business facilities and comforts, not attainable in the county of his residence. He enjoys, habitually and daily, equally with the resident attorneys, the use of the city's improved streets and lights, and is equally protected by its police regulations in his person and property. He has, as they have, the benefit of the night watch to protect his office and his property therein, the benefit of the fire department in case of fire, &c., and should contribute reasonably to the expense of maintaining these advantages and facilities, as this is authorized and imposed upon the resident attorneys.

Counsel for defendant in error makes the point that the ordinance of the city is not broad enough to embrace a non-resident attorney, and that it must be construed as not intending to subject him to the tax imposed upon resident attorneys.

The ordinance, so far as it need be quoted, is as follows: "12. 'Attorneys, Physicians,' &c.

"The specific license on every attorney at law, &c. * * * shall be twenty dollars ($20), provided their gross income for the year preceding 1st day of May, 1890, shall not exceed one thousand dollars, and an additional tax of one dollar and sixty cents on every one hundred dollars ($100) of gross receipts in excess of one thousand dollars."

Sections 9 and 10 of the ordinances of the city of Petersburg, which imposes a tax upon agents for the sale, in the city, of fertilizers, &c., and representing non-resident cotton, tobacco,

or trunk factory, etc., are cited by counsel; and it is contended that if section 12, imposing a tax upon attorneys at law intended to embrace non-resident attorneys the term "non-resident" would have been used; but we are unable to see the force of this contention. The same reasoning would apply to many other subjects of taxation embraced in the ordinances of the city, in all of which it could only have been intended to impose a tax upon the business, or occupation carried on or pursued in the city. A fair and reasonable construction of section 12 of the charter imposes a license tax on every attorney at law, &c., who has his office and place of business within the city limits, where he transacts his business and practices his profession, and the section is not susceptible, we think, of any other construction.

We are of opinion, therefore, that the judgment of the lower court should be reversed.

*Reversed.*