## Wytheville.

### CORBY BAKING COMPANY V. COMMONWEALTH.

June 13, 1918.

1. HAWKERS AND PEDDLERS—*Licenses—Bakers.*—Section 50 of the tax law of 1916 (4 Va. Code [Pollard], page 601), defining who should be considered peddlers, excepted from its provisions "those who sell or offer for sale, in person or by their employees, ice, wood, meats, milk, butter, eggs, poultry, fish, oysters, game, vegetables, fruits, or other family supplies of a perishable nature, grown or produced by them and not purchased by them for sale."

*Held:* That a corporation which did not purchase bread for sale, but produced and sold it at retail directly to householders and consumers in the city, both from its place of business and from its delivery wagons, was within the exception of the statute, as bread is a family supply of a perishable nature.

2. STATUTES—*Construction—Ejusdem Generis.*—The rule that where specific enumeration is followed by general words, the latter must be of the same kind as the former, usually called the doctrine of *ejusdem generis,* is only a rule of construction, and, as applied to statutes, intended to throw light on a statute of otherwise doubtful import, and has no application where the language of the statute plainly manifests a contrary purpose. In such case, the obvious intention of the legislature must be given effect rather than defeated by the misapplication of a rule, the conceded function of which is to elucidate what is obscure, and not to obscure that which is manifest.

3. STATUTES—*Construction—Ejusdem Generis.*—The *ejusdem generis* rule of construction does not obtain where the specific words signify subjects greatly different from one another, for here the general expression might very consistently add one more variety; in such case, the general term must receive its natural and wide meaning.

Error to an order of the Hustings Court of city of Richmond, subjecting plaintiff in error to a State peddler's license tax.

*Reversed.*

The opinion states the case.

*Scott & Buchanan,* for the plaintiff in error.

*J. D. Hank, Jr., Attorney-General,* and *Leon M. Bazile, Assistant Attorney-General,* for the Commonwealth.

WHITTLE, P., delivered the opinion of the court.

The Corby Baking Company, Inc., by this writ of error, seeks relief from an order of the Hustings Court of the city of Richmond, subjecting it to a State peddler's license tax upon each of twenty-seven delivery wagons owned and used by it in connection with its business in that city.

The material facts are these: Plaintiff in error is a domestic corporation whose chief office and place of business is located in the city of Richmond. It does not purchase bread for sale, but produces and sells it at retail directly to householders and consumers in the city, both from its place of business and from its delivery wagons, each wagon being in charge of a driver who is an employee of the company.

Section 51 of the tax law of 1916 (4 Va. Code, p. 601) prescribes the license tax to be paid by various classes of peddlers, but the preceding section (section 50 of the tax law) defines who shall be considered a peddler; and by the terms of that section this case is to be decided. The contention of plaintiff in error is that its business falls within the exception contained in section 50, and consequently that the assessment was erroneous, and the taxes paid by it under protest should be refunded.

The part of section 50 applicable to the case reads as follows: "* * All persons who keep a regular place of business, open at all times in regular business hours and

at the same place, and who shall elsewhere than at such regular place of business, personally or through their agents, offer for sale or sell, and at the time of such offering for sale deliver goods, wares and merchandise, shall also be deemed peddlers as above, *but this section shall not apply to those who sell or offer for sale, in person or by their employees, ice, wood, meats, milk, butter, eggs, poultry, fish, oysters, game, vegetables, fruits, or other family supplies of a perishable nature, grown or produced by them and not purchased by them for sale."* (Italics supplied.)

It is not denied that all bread disposed of by plaintiff in error, both from its place of business and supply wagons, sold and offered for sale by its employees, is produced by it and not purchased for sale. And it is equally true that bread is a family supply of a perishable nature. These conditions concurring satisfy the meaning of the exception as fully as if bread was expressly mentioned therein. It was manifestly the purpose of the legislature, in addition to the commodities named, to include in the exception without specification other family supplies of a perishable nature, grown or produced by the seller and not purchased by him for sale. Otherwise, this important paragraph composed of words of well understood signification, would have to be rejected as meaningless. That result is sought to be attained by application of the *ejusdem generis* rule. We are of opinion, however, that the doctrine invoked, if applicable at all to the circumstances of the case, ought not to be allowed controlling influence where the statute is expressed in language too plain to be misunderstood.

In *Commonwealth* v. *Werth,* 116 Va. 604, 82 S. E. 695, Ann. Cas. 1916D, 1263, it was held: "The rule that where specific enumeration is followed by general words, the latter must be of the same kind as the former, usually called

the doctrine of *ejusdem generis*, is only a rule of construction, and, as applied to statutes, intended to throw light on a statute of otherwise doubtful import, and has no application where the language of the statute plainly manifests a contrary purpose. In such case, the obvious intention of the legislature must be given effect rather than defeated by the misapplication of a rule, the conceded function of which is to elucidate what is obscure, and not to obscure that which is manifest."

Again, it will be observed that the specifically enumerated articles are essentially diverse in character, and not of the same general class, and to such case the following principle applies: "Nor does the rule obtain where the specific words signify subjects greatly different from one another, for here the general expression might very consistently add one more variety; in such case, the general term must receive its natural and wide meaning." 26 Am. & Eng. Ency. L., p. 610; *McReynolds* v. *The People,* 230 Ill. 623, 633; 232 Mo. 49, 53.

Untrammeled by artificial rules of construction, there can be no doubt that the concluding words of the exception, "or other family supplies of a perishable nature, grown or produced by them and not purchased by them for sale," apply to and include bread produced and sold by plaintiff in error.

For these reasons, the order of the hustings court is reversed, and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed.*