### DR. J. B. WILLIAMS V. THE STATE.

#### No. 6088.  Decided March 30, 1921.

**1.—Tick Eradication—Sunday—Service of Notice.**

Appellant's contention that the notice to dip his cattle was served upon him on Sunday, and that therefore the service was illegal, and that he could not be prosecuted for failure to dip his cattle is untenable.

**2.—Same—Charge of Court—Zone—Quarantined Zone.**

Where the court in his charge was properly within his province in directing the jury that the territory where defendtnt's cattle were situated was within the quarantined zone, there was no reversible error.

**3.—Same—Information—Proof—Evidence—Variance.**

Where the information in the case charged that the stock belonging to the defendant had been inspected, and had been found to be infected with fever-carrying ticks, but did not allege that the stock had within nine months next preceding been exposed to the fever tick, and the court in his main charge to the jury limited their consideration to the issue as made in the information, it was reversible error to submit a requested charge by the State over defendant's objection as to the exposure of such cattle to fever-carrying ticks, etc.; besides, there was no evidence of such exposure.

Appeal from the County Court of Henderson. Tried below before the Honorable Joe A. McDonald.

Appeal from a conviction of a violation of the tick eradication law; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Appellant was convicted for a violation of the tick eradication law in having failed to dip his cattle after having been notified so to do.

He contended that the notice to dip was served upon him on Sunday, and that if served on Sunday it was an illegal service, and that he could not be prosecuted for failure to dip his cattle under a service thus had. An issue was raised by the evidence as to whether or not the notice was in fact served on Saturday or Sunday. We cannot agree with appellant in his contention that the service of this notice on Sunday would have been an illegal notice. There is a provision in the civil statutes, Article 1816, providing that no process shall be issued or served on Sunday "except in certain cases therein mentioned." The provision just quoted relates to civil process. We find no such provision in our Code of Criminal Procedure relating to criminal process, and in the absence of a statutory provision prohibiting the service of criminal, or *quasi* criminal, process on Sunday, we are not inclined to hold that such service would not be legal. A witness who might have been summoned by the sheriff on Sunday to attend court to testify in a criminal case either for the State or the defendant, and who disobeyed such summons, would find himself in rather an embarrassing attitude before the court if he should attempt to excuse himself for his non-attendance by claiming that the subpoena was served on Sunday, and, therefore, not binding upon him. Illustrations of this character in criminal matters could be multiplied many times, but the one illustration is sufficient to illustrate our views with reference to the matter. The law with reference to serving notices upon a party who is required to dip his cattle, provides that it shall be served fourteen days before the date upon which he is directed to dip, and there being no question but that the notice in this case was so served much longer than the fourteen days prior to the dipping date, we do not believe appellant had any just complaint.

Appellant raises the further question that the court committed error in the following portion of his charge to the jury: "You are instructed that the territory where it is alleged that the defendant refused or failed to dip the cattle alleged in the information is in the zone quarantined by order of the Live Stock Sanitary Commission of the State of Texas as promulgated in Proclamation No. 17 by the Governor of this State." The statement of facts does not set out Proclamation No. 17 referred to in this charge, but only makes mention of the fact that it was introduced, and the bill of exceptions fails to set it out. If the proclamation of the Governor put the whole of Henderson County under quarantine, as alleged in the information and complaint, and the evidence in the case showed that the appellant's stock were situated in Henderson County, there was no error on the part of the court in giving the charge complained of, because it was a question of law for the court to determine as to the effect of the proclamation, and if there was no issue as to the territory covered, he was properly within his province in

directing the jury that the territory where appellant's cattle were situated was within the quarantined zone.

Sec. 15 of the tick eradication law, as amended at the Third Called Session of the Thirty-sixth Legislature, substantially provides, that a person owning or controlling stock which have the fever carrying tick upon them, or that are exposed to said tick, or that have been within the nine months next preceding exposed to said tick, and who shall fail to dip said stock when properly directed so to do by the Live Stock Sanitary Commission, shall be guilty of an offense. The information in this case charges that the stock belonging to appellant had been inspected, and had been found to be infected with fever carrying ticks, but does not allege that the stock had within nine months next preceding been exposed to the fever tick. The issue joined upon the trial of the case was as to whether the ticks upon the stock of the appellant were the fever tick or not the fever tick, and evidence was admitted *pro* and *con* upon this issue. The court in his main charge to the jury limited their consideration to the issue as made in the information, that is, to the allegation that the stock in question were infected with the fever carrying tick. The attorney representing the State requested and the court gave, over the objection of appellant, a special charge authorizing the jury to find him guilty if the stock were found to be infected with fever carrying ticks, or were exposed to other cattle that were infected with the fever carring ticks, the objection being that it authorized the jury to convict for an offense not charged in the information.

We find in the statement of facts no evidence with reference to such exposure, but in the notice served upon appellant it was not claimed that his stock had been inspected and found to be infected with the fever carrying tick, but, after the formal parts, recites: "The said live stock have been exposed to the fever carrying tick sometime during the nine months next preceding the date the said live stock are to be dipped, under authority of this written direction." In the absence of proof that the stock of appellant had been exposed to the fever carrying tick, we are unable to understand on what theory the county attorney requested, or the court gave, the special charge, unless it was on the theory that the recital in the notice above quoted raised the issue; but even if this were true, in the absence of an allegation in the information as to such exposure, the court was not authorized to give such charge, because it injected into the case an issue not raised by the State's pleading, as shown in the information, and authorized the jury to convict upon an issue not so made.

For the error pointed out the judgment of the trial court must be reversed and the cause remanded.

*Reversed and remanded.*