# OCTOBER 31, 1934

O. C. BLOSS v. THE STATE.

No. 16921. Delivered October 31, 1934.
Reported in 75 S. W. (2d) 694.

The opinion states the case.

*Kirby, King & Overshiner,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for three years.

Operating under a search warrant, officers discovered in

appellant's residence and on his premises a large quantity of alcohol and whisky.

The search warrant was issued and executed on Sunday. The testimony of the officers was objected to on the ground that the search was illegal. It is contended that the search warrant was void because issued on Sunday.

It is well settled in this State that the magistrate, in issuing a search warrant, exercises judicial discretion. Rozner v. State, 3 S. W. (2d) 441; Ware v. State, 7 S. W. (2d) 551; Bird v. State, 7 S. W. (2d) 953; Hunter v. State, 12 S. W. (2d) 566; Seals v. State, 11 S. W. (2d) 879. Courts have no right to pronounce a judgment, or do any other act strictly judicial, on Sunday, in the absence of a permissive statute. Shearman v. State, 1 Tex. Ct. of App. 215.

Article 310, C. C. P., reads, in part, as follows:

"A warrant to search for and seize property alleged to have been stolen and concealed at a particular place may be issued by a magistrate, *whenever* written sworn complaint is made to such magistrate * * *." (Italics ours).

"Whenever" is an adverb of time. Its meaning, and the only meaning given to it by lexicographers, is "at whatever time." Words and Phrases, 2d series, vol. 4, p. 1275; Funkhouser v. Spahr, 46 S. E., 378. Substituting for the word "whenever" its proper definition, art. 310 authorizes the issuance of a search warrant *at whatever time* a sufficient written sworn complaint is made to the magistrate. The question is: Is the language employed broad enough to authorize the issuance of a search warrant at any time, and therefore on Sunday?

In adopting the Code of Criminal Procedure the Legislature expressed the intention to provide measures for preventing the commission of crime, for excluding the offender from all hope of escape and for bringing to the investigation of each offense all the evidence tending to produce conviction or acquittal. Article 1, C. C. P., To make sure of the attainment of the objects intended article 23, C. C. P., was enacted. We quote the article: "The provisions of this Code shall be liberally construed, so as to attain the objects intended by the legislature: The prevention, suppression and punishment of crime."

In providing measures for the attainment of the objects mentioned, the Legislature, among other things, enacted statutes for the issuance of criminal process, such as warrants of arrest and search warrants, and imposed upon magistrates and peace officers the duty to preserve the peace within their jurisdiction and to use all lawful means to effect such purpose.

Artices 34 and 37, C. C. P. We quote art. 34, as follows: "It is the duty of every magistrate to preserve the peace within his jurisdiction by the use of all lawful means; to issue all process intended to aid in preventing and suppressing crime; to cause the arrest of offenders by the use of lawful means in order that they may be brought to punishment."

It is the duty of the magistrate to issue process and of the peace officer receiving it to promptly execute it in order that crime may be prevented and suppressed. Manifestly, the attainment of the objects intended by the Legislature would not be complete if the issuance of criminal process on Sunday should be prohibited. In this connection, it is observed that there is no provision in our Code prohibiting the issuance and service of such process on Sunday. At common law warrants may issue and arrests be made on Sunday. 60 C. J., 1140. Also at common law a search warrant may issue and be executed on Sunday. 60 C. J., 1141. We have held that, in the absence of a prohibitory statute, the service on Sunday of notice to dip cattle is valid. Williams v. State, 229 S. W., 545. The language of Judge Hawkins in the Williams Case is as follows: "There is a provision in the Civil Statutes (article 1816) providing that no process shall be issued or served on Sunday, 'except in certain cases therein mentioned.' The provision just quoted relates to civil process. We find no such provision in our Code of Criminal Procedure relating to criminal process, and in the absence of a statutory provision prohibiting the service of criminal, or quasi criminal, process on Sunday, we are not inclined to hold that such service would not be legal."

When employed a search warrant is one of the initial steps in a criminal proceeding. Seals v. State, 11 S. W. (2d) 879. As in the case of a warrant of arrest, a search warrant is criminal process. Words and Phrases, 3d series, vol. 2, p. 713; Sugar Valley Land Company v. Johnson, 85 Sou., 871. It is issued to aid in the detection or suppression of crime. Sugar Valley Land Company v. Johnson, supra. Its employment in a criminal proceeding may be as important as a warrant of arrest, and in attaining one of the objects of the code, that is, to bring to the investigation all of the evidence showing guilt, it may become more important in a given case than a warrant of arrest.

In Foley v. Commonwealth, 15 S. W. (2d) 444, it was held that a provision in the Kentucky code authorizing a justice of the peace to cause a search by night or day by the issuance of a search warrant authorized the issuance of such warrant on

Sunday. In Lindsay v. State, 46 S. W., 1045, this court said that it cannot be seriously contended that process authorizing the arrest of persons charged with an offense could not be executed on Sunday. In the same case it was held that the right to arrest embraced the right to take bail. We quote from Seals v. State (Supreme Court of Tennessee), 11 S. W. (2d) 879, as follows: "The fact that the statutes make express provision for the issuance of civil process on Sunday, upon a showing of necessity, and make no such provision for the issuance of criminal process on Sunday, is convincing that the broad language of section 6991 of Shannon's Code, authorizing the issuance of process in criminal cases 'at any time,' was intended by the Legislature to authorize the issuance of such process on Sunday, as well as on other days of the week; and, if a judicial act is necessary as a prerequisite to the issuance of such process, we think the language of the statutes is sufficiently broad to authorize the performance of such judicial act on Sunday, whether by a justice of the peace or other judicial officer."

Taking note of article 24, C. C. P., in which it is provided that the rules of the common law shall be applied and govern in any particular state of case in which the code fails to promulgate a rule of procedure, we express the opinion that the statute mentioned has no application unless the code wholly fails to provide a rule of procedure. If when liberally construed a provision of the code can be held applicable to a given state of facts, the rule of procedure at common law may not be followed. With this rule in mind, and considering the object to be accomplished, we think that, in authorizing the issuance of a search warrant *whenever* a sufficient complaint is filed before the magistrate, the legislature employed language broad enough to authorize the issuance of such process on Sunday. Seals v. State, supra.

It is shown in bill of exception No. 3 that appellant was not present in his home at the time the search was made. While the officers were making the search appellant's telephone rang, and one of the officers answered. This officer stated to the party calling that he (the officer) was appellant. The party at the other end of the line then told the officer he wanted a half gallon of whisky delivered to his room in the Hilton Hotel. Appellant was not present when this conversation was had. Over appellant's proper objection the officer was permitted to testify to the details of the conversation. The testimony was hearsay and inadmissible. It was incumbent upon the State

to establish beyond a reasonable doubt that appellant possessed intoxicating liquor for the purpose of sale. The court charged on circumstantial evidence. The testimony in question supported the theory of the State that the liquor found in appellant's residence was possessed by him for the purpose of sale. Under the circumstances reflected by the record, we are constrained to hold that the bill of exception reflects reversible error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.