Mr. Fred Toler Executive Director Texas Commission on Law Enforcement Officer Standards and Education 220-E Twin Towers Office Building 1106 Clayton Lane Austin, Texas 78723
Re: Appointment of peace officers identified in article 2.12, section 8
Dear Mr. Toler:
You have requested our opinion regarding whether a district court or county court at law may appoint and commission a peace officer pursuant to article 2.12, section 8 of the Texas Code of Criminal Procedure and if so whether that person so appointed must be licensed as a peace officer pursuant to article 4413(29aa), V.T.C.S.
Article 2.12 of the Code of Criminal Procedure provides in pertinent part:
The following are peace officers:
. . .
 (8) any private person specially appointed to execute criminal process. . . .
Criminal process issues to aid in the detection or suppression of crime. Bloss v. State, 75 S.W.2d 694
(Tex.Crim.App. 1934). It includes warrants for arrest. Id. Article 2.12 itself does not authorize the appointment of any person to execute criminal process. We must look to other statutes for such authority.
Articles 15.14 and 15.15 of the Code of Criminal Procedure authorize the execution of a single warrant of arrest by a suitable person where the services of a peace officer cannot be procured. A magistrate may specifically appoint a private person by having such person named in the warrant. These statutes are designed for the protection of a private person by temporarily vesting that private person with the same rights, duties and liabilities of a peace officer during the execution of a criminal warrant. This authority terminates when the purpose of his appointment is attained. See O'Neal v. State, 22 S.W. 25 (Tex.Crim.App. 1893).
Article 45.20 of the Code of Criminal Procedure authorizes a justice of the peace to appoint any person other than a peace officer to execute a warrant of arrest by specially naming that person in the warrant. There are no restrictions placed on the authority of the justice of the peace to appoint a private person other than that it must be deemed a necessary appointment. See also Code Crim. Proc. art. 24.01 (authorizing an individual who is not a peace officer to serve subpoenas in criminal actions).
Articles 15.14, 15.15, and 45.20, of the Code of Criminal Procedure cannot be utilized to vest a person with the general and extended powers of a peace officer since these statutes are intended to deal with one particular execution of criminal process. A private person's authority as a peace officer expires upon execution of the warrant. Due to the temporary nature of an appointment pursuant to articles 15.14, 15.15, and 45.20, a person so appointed would not need to be licensed as a peace officer. See V.T.C.S. art. 4413(29aa), § 6(b) 1.
 SUMMARY
Article 2.12 of the Code of Criminal Procedure defines as peace officers those persons who occupy a position which has otherwise been provided for statutorily or constitutionally. It is not an enabling act and does not grant a district court or county court at law authority to appoint and commission peace officers.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 J. D. Hooper Assistant Attorney General