## Richmond.

### TREHY, CLERK, v. MARYE, AUDITOR.

#### December 5, 1901.

1. CONSTITUTIONAL LAW—*Title of Act—Doubtful Constitutionality.*—The title of an act will be sufficient within the meaning of Sec. 15, Art. V., of the Constitution, if the things authorized to be done, though of a diverse nature, may be fairly regarded as in furtherance of the object expressed in the title. It is not required that the title shall be an index of the act. It is sufficient if the objects embraced in the act, but not expressed in the title, be congruous, and have natural connection with, or be germane to the object expressed in the title. The Constitution is to be liberally construed so as to uphold the law, if practicable. All doubts are to be resolved in favor of constitutionality.

2. CONSTITUTIONAL LAW—*Title of Act—Matters Germane.*—An act which defines what duties are to be performed by an officer, in consideration of a salary given to him by the act, and which imposes upon him duties theretofore discharged by another officer, and provides that the latter shall no longer do the work or receive the compensation therefor, is sufficiently embraced within a title to "regulate the salary" of the first-named officer.

3. CONSTITUTIONAL LAW—*Special or Local Acts—Inconsistent General Laws—Repeals.*—Special or local laws are not repealed by general laws except upon the clearest manifestation of an intent by the Legislature to effect such repeal, and, ordinarily, an express repeal by some intelligent reference to the special act is necessary to accomplish that end.

Original application for writ of *mandamus.*

*Refused.*

The opinion states the case.

*Loyall & Taylor,* for the petitioner.

*Attorney-General A. J. Montague,* for the respondent.

HARRISON, J., delivered the opinion of the court.

This application for a writ of *mandamus* calls in question the action of the Auditor of Public Accounts in refusing to issue his warrant in favor of the petitioner, as clerk of the Corporation Court of the city of Norfolk, for $470.25, it being for fees claimed to be due him for entering in a suitable book, and transmitting to the Auditor, as provided by law, eighteen hundred and eighty-one certificates of fines with costs imposed by the Police Justice, and of costs of trial in cases of acquittal; it being contended by the petitioner that the Auditor has acted in violation of law, and should be compelled by *mandamus* to issue his warrant in satisfaction of such fees.

By section 718 of the Code, a justice is required to certify to the clerk of the court of his county or corporation the amount of every fine imposed by him, together with the costs and whether the same have been paid. Section 719 provides that the clerk shall enter all such certificates in a suitable book; and, by section 730, he is required, once a year, to certify all such fines, imposed by a justice and recorded in his office, to the Auditor. For this service the clerk is to receive a fee of twenty-five cents for each certificate, payable out of the public treasury.

The respondent, as authority for refusing to issue his warrant on the treasury for the fees claimed by the clerk, relies upon an act of the General Assembly approved March 3, 1896, entitled "An act to amend and re-enact an act to regulate the salary of the Police Justice of the city of Norfolk, approved February, 1896." By this act, the salary of the Police Justice of the city of Norfolk is fixed at $2,500.00, payable in monthly installments, out of the public treasury, such salary not to be a charge upon the treasury beyond the revenue covered into the

treasury by the Police Justice, and to be in lieu of all other compensation for his services. The justice is required to give bond in the penalty of $10,000.00, to be approved by the judge of the Corporation Court of the city of Norfolk; to perform all of the duties required of him by law, and in addition keep in permanent form a faithful record of the cases tried by him, and transmit, monthly, directly to the Auditor of Public Accounts duly certified copies of the record of such cases, together with the amount of the fines and costs collected.

The third clause of this act expressly repeals, and declares to be null and void, all acts or parts of acts requiring the Police Justice to make returns to the clerk of the Corporation Court of the city of Norfolk, or allowing such clerk any compensation for transmitting to the Auditor of Public Accounts the record of the Police Court of the city and the fines collected therein; and declares null and void all provisions of the charter or ordinances of the city of Norfolk in conflict therewith.

It is manifest that, under the terms of this act, the claim of petitioner is without foundation. It is, however, contended that the act is unconstitutional so far as it attempts to affect the fees of the clerk, because the title is defective. As already stated, the title is as follows: "An act to amend and re-enact an act to regulate the salary of the Police Justice of the city of Norfolk, approved February, 1896."

Every law enacted by the Legislature is presumed to be in conformity with the Constitution, and an act of the Legislature is never declared to be unconstitutional in a doubtful case. To doubt is to affirm the validity of the law. The title of an act will be sufficient, within the meaning of section 15, Article V., of the Constitution, if the things authorized to be done, though of a diverse nature, may be fairly regarded as in furtherance of the object expressed in the title. All that is required is that the subjects embraced in the statute, but not specified in the title, be congruous, and have natural connection with, or be germane

to the subject expressed in the title. The Constitution is to be liberally construed so as to uphold the law if practicable. *Iverson Brown's Case*, 91 Va. 762.

We are of opinion that it is germane to, and has natural connection with, the regulation of a salary, to prescribe what services the officer shall render in consideration of the salary; and where the duties imposed take from another officer duties theretofore performed by him, it is equally germane to provide that the latter shall no longer do the work, and no longer receive compensation therefor.

Under the Code, the Police Justice received fees as his compensation, and transmitted the result of his work to the clerk of the Corporation Court, who recorded the same in a suitable book, transmitted the same to the Auditor, and received fees therefor. The Legislature, doubtless with a view to economy, passed the act in question to regulate the salary of the justice, and, in fixing his salary, necessarily prescribed his duties, which took from the clerk duties theretofore performed by him, and the compensation therefor. The act is not obnoxious to the constitutional objection interposed by the petitioner, but is a valid exercise of legislative power.

By an act approved March 1, 1898, the general law contained in sections 717 and 718 of the Code, relating to fines and costs before justices of the peace, is amended and re-enacted, and all acts or parts of acts in conflict therewith are repealed. It is further contended by the petitioner that this act has repealed the special law, applicable only to the city of Norfolk, approved March 3, 1896. This position is not tenable.

It is a principle that a general statute, without negative words, will not repeal by implication, from their repugnancy, the provisions of a former one which is special or local, unless there is something in the general law, or in the course of legislation on its subject matter, that makes it manifest that the Legislature contemplated and intended a repeal. When the legislator frames a statute in general terms, or treats a subject in a gen-

eral manner, it is not reasonable to suppose that he intends to abrogate particular legislation to the details of which he had previously given his attention, applicable to a part of the same subject, unless the general act shows a plain intention to do so. Sutherland on Stat. Const., sec. 157.

The well-settled doctrine derived from all authorities is that laws special and local in their application, are not repealed by general legislation, except upon the clearest manifestation of an intent by the Legislature to effect such repeal, and, ordinarily, an express repeal by some intelligible reference to the special act is necessary to accomplish that end. *Commonwealth v. R. & P. Co.*, 81 Va. 355.

Section 717 of the amendatory act, approved March 1, 1898, enlarges the powers of justices in the matter of taking security for costs, and enforcing the same.

Section 718 is only modified in respect to the fees for which the State shall be liable.

The general law found in section 719 of the Code, which prescribes the duties of clerks with respect to recording in a suitable book the certificates transmitted to them by justices, and the compensation they shall receive therefor, is not amended or mentioned in the act of March 1, 1896.

The special act applicable alone to the city of Norfolk is not referred to, nor is there any hint contained in the general law that it was intended to affect the provisions of the special legislation; and we cannot assume in this matter what is not clear and manifest.

The act of March 3, 1896, being valid and not repealed, the Police Justice of the city of Norfolk acted in violation of its express terms in continuing to certify to the clerk of the Corporation Court the amount of the fines imposed by him, and the clerk has no legal claim against the Commonwealth for recording such certificates, or transmitting same to the Auditor.

The writ is therefore denied.

*Mandamus Refused.*