Syllabus.

## Richmond.

## Harrison B. Sims v. Carrie Sims and the Honorable John W. Fishburne, Judge of the Circuit Court for Madison County.

### November 20, 1924.

Service of Process—*Rehearing—Section 6072 of the Code of 1919 Allowing Rehearing where Party was not Served or did not Appear—Order of Publication under Section 6070 of the Code of 1919 does not Constitute Service within the Meaning of Section 6072 of the Code of 1919.*—Section 6072 of the Code of 1919 provides that any defendant who was "not served with process" and did not appear in the case before the date of the decree may within two years from that date, if not served with a copy of the decree, petition to have the case reheard.

  *Held:* That a defendant in a divorce suit proceeded against as a non-resident by order of publication, a copy of which was mailed to her by the clerk, as required by section 6070 of the Code of 1919, at her last known post-office address, was not served with process within the meaning of that term as used in section 6072 and as she did not appear and was not served with a copy of the decree she was entitled to a rehearing under section 6072.

Upon petition for a writ of prohibition.

*Writ denied.*

*Will A. Cook*, for the petitioner.

*E. H. DeJarnette*, for the respondents.

Per Curiam:

This is an application for a writ of prohibition to prohibit the Honorable John W. Fishburne, judge of the Circuit Court for Madison county, and Carrie

Sims from further proceeding in a suit for divorce originally instituted in that court by the applicant for said writ, Harrison B. Sims, against his wife, the said Carrie B. Sims, in which suit the latter was proceeded against as a nonresident of the State of Virginia by order of publication, a copy of which was, on the 25th day of April, 1922, mailed to the said Carrie Sims by the clerk, as required by section 6070 of the Code, at her last known post-office address stated in the affidavit for the order of publication. At a subsequent term of the court (the precise date not appearing in the record before us), a final decree was entered in such cause by which it was decreed as follows, namely: "that the bonds of matrimony heretofore existing between the complainant, Harrison B. Sims, and Carrie Sims, defendant, be and the same are hereby annulled and forever dissolved. And it is also decreed that neither party shall marry again within six months from the entry of this decree. And this cause is stricken from the docket."

The said Carrie Sims did not appear in the cause before the date of such decree; was not served with a copy of such decree; and subsequently, within two years from the date of such decree, she by leave of court given, over the objection of the said Harrison B. Sims, filed, under section 6072 of the Code, her petition to have the case reheard, and also her answer and cross-bill. It is the further proceeding in the suit upon the issues presented by such answer and cross-bill that is sought to be prohibited by the writ of prohibition applied for.

Section 6071 of the Code contains provisions with respect to the maturing of a case for hearing where the proceeding is by order of publication, and concludes with the provision that "upon any trial or hearing

under this section, such judgment, decree or order shall be entered as may appear just." Following that section, section 6072 of the Code, so far as material, provides as follows: "Any * * defendant who was not served with process, and did not appear in the case before the date of such * * decree * * may, within two years from that date, if he be not served with a copy of such * * decree, * * petition to have the case reheard, and may plead or answer, and have any injustice in the proceedings corrected."

The position is taken in the application for the writ of prohibition that the aforesaid mailing of the copy of the order of publication to the said Carrie Sims constituted service of process upon her, within the meaning of said section 6072 of the Code, so that, as it is contended, this is not a case in which the defendant "was not served with process" within the meaning of such section, and that, consequently, the case could not be reheard upon the aforesaid petition therefor or further proceeded with in any manner whatsoever.

The court is of opinion that such position is not well taken; that the mailing of the copy of the order of publication aforesaid did not constitute service of process; that, hence, it appearing that the defendant, Carrie Sims, was not served with process before, or with a copy of the said decree after it was entered, and that she did not appear in the cause before the date of the decree, the case falls within the application of section 6072, aforesaid. Hence, the writ of prohibition applied for will be denied.