Syllabus.

# Richmond.

## HARRY M. HAMILTON v. COMMONWEALTH.

### November 12, 1925.

·1. TURNPIKES AND TOLL ROADS—*State Aid to County Roads—Right to Erect Toll Gates in Augusta County.*—There is nothing in the act of 1906, page 74, establishing the State convict road force, nor the act of 1908, page 90, providing for State money aid in addition to convict labor for the permanent improvement of the county roads, nor the act of 1918, page 776, chapter 426, providing for the establishment of a county road system in each county and providing for application for State aid for the permanent construction of such roads, which prohibits the establishment or maintenance of toll gates as provided for by the special act known as the Augusta county road law (Acts of 1910, page 11, re-enacted by Acts of 1914, page 93).

· 2. TURNPIKES AND TOLL ROADS—*State Aid to County Roads—Right to Erect Toll Gates—Augusta County Road Law.*—The Augusta county road law (Acts of 1910, page 15, re-enacted by Acts of 1914, page 93) authorized the supervisors of Augusta county to erect and maintain toll gates and to demand and collect tolls on the macadamized roads of the county, regardless of whether they were built by the county alone or with State aid. It follows that an ordinance of the board of supervisors establishing toll gates on a macadamized road is valid unless the special act of 1910, 1914, was repealed or made ineffective by section 2743 of the Code of 1919, and such act was not repealed by that section of the Code.

:3. TURNPIKES AND TOLL ROADS—*Augusta County Road Law not Repealed by Code of 1919.*—The Code of 1919 was a revision of the general statutes of the Commonwealth and does not repeal the special act of 1910, page 15, re-enacted by Acts of 1914, page 93, establishing the Augusta county road law.

· 4. STATUTES—*Construction—Revision of Law—Codes.*—Where there has been a revision of the laws, the presumption is it was not intended to change the old law unless a contrary intention plainly appears in the new.

5. STATUTES—*Repeal—Special and Local Laws.*—Special and local laws are not repealed by general legislation, unless the latter contains language expressly repealing them, or language which clearly manifests the intention of the legislature to accomplish such repeal.

6. STREETS AND HIGHWAYS—*Toll on Roads Built by County—Retroactive Effect of Section 2743 of the Code of 1919—State Aid to County Roads.*— Section 2743 of the Code of 1919, authorizing the board of supervisors to thereafter establish or abolish tolls on roads built and maintained wholly by the county and not receiving aid from the State, is not retroactive. Toll gates already legally established on county roads are not abolished by the mere fact that the road on which they are located is receiving State aid. The authority granted by section 2743 is "in addition to the powers granted by other general statutes."

7. TURNPIKES AND TOLL ROADS—*County Roads—Penalties—Authority of Supervisors to Prescribe Penalties.*—Section 2743 of the Code of 1919 authorizes the boards of supervisors to enact certain local laws, and provides that, "for carrying into effect these and their other powers," they "may make ordinances and by-laws and prescribe fines and other punishments for violation thereof." The object of this provision was to empower the board of supervisors to make effective all of their powers. Under the Augusta county road law (Acts of 1910, page 11, re-enacted by Acts of 1914, page 93) the board of supervisors had the power to establish and maintain toll gates on macadamized roads, and under section 2743 of the Code of 1919 the authority to penalize those who fail or refuse to pay the prescribed tolls.

Error to a judgment of the Circuit Court of Augusta county.

*Affirmed.*

The opinion states the case.

*Timberlake & Nelson,* for the plaintiff in error.

*John R. Saunders, Attorney-General; Leon M. Bazile and Lewis H. Machen, Assistant Attorney-Generals* and *Jos. A. Glasgow* for the Commonwealth.

WEST, J., delivered the opinion of the court.

Harry M. Hamilton was convicted under a warrant charging him with unlawfully passing through a toll gate on the Middlebrook road, in Augusta county,

without paying toll as required by law, and fined $5.00. Upon an appeal to the circuit court the judgment was affirmed, and to that judgment this writ of error was allowed.

The Middlebrook road runs from Staunton to the Rockbridge county line, and was first built in 1910. It was macadamized in 1913-1920.

The State convict road force was established in 1906. Acts 1906, p. 74. In 1908 State money aid, in addition to convict labor, was provided for the permanent improvement of the county roads. Acts 1908, p. 90.

In 1910 the legislature of Virginia passed a special act, known as the Augusta county road law (Acts 1910, p. 11), the twelfth section of which reads as follows:

"In order to properly maintain the macadamized roads of the county, the board of supervisors shall have the power to erect and maintain toll gates, and to demand and collect tolls on said roads, the rates of toll to be fixed by the board of supervisors: provided, however, that said rates shall not exceed those fixed by the general law for turnpike companies. The county superintendent of roads shall have exclusive charge and control of all macadamized roads, and shall be charged with the duty of collecting and disbursing all tolls; and provided, further, that the board of supervisors of Augusta county shall have the power, if in their discretion they deem it wise and proper to exercise the same, to give a rebate in tolls to those who have made, or shall hereafter make, private subscriptions to the building of permanent macadam roads in said county on any road where toll gates shall be established, said rebates to be in such amounts as the board of supervisors shall determine, but not to exceed in any case the amount of said private subscription."

In 1914 the special road law was repealed, except section twelve, which was re-enacted. Acts 1914, p. 93.

Acting under the authority granted by section twelve of the special road law, the board of supervisors of Augusta county established toll gates on the Middlebrook road in 1914 and 1916, which have since been and are now maintained thereon.

[1] In 1918 (Acts 1918, p. 776) an act was passed by the General Assembly providing for the establishment of a county road system in each county, and giving the right to the county authorities, after the system had been established, to apply for State aid for the permanent construction of such roads, and for the maintenance of any section which had been permanently improved. Under this act the Middlebrook road was included in the county road system; and there is nothing in the act of 1906, 1908, or 1918, which prohibits the establishment or maintenance of toll gates thereon.

The Middlebrook road was built by the county, aided by the State convict road force, on what was called a fifty-fifty basis, and is now maintained partly by State aid.

There was no provision in the special act authorizing the board of supervisors to prescribe a penalty for failure or refusal to pay the tolls required by the ordinance of the board.

Code of Virginia 1919, section 2743, as amended by the act approved March 14, 1924, Acts of 1924, p. 307, authorizing boards of supervisors to enact certain local laws, provides, in part, as follows: "In addition to the powers conferred by other general laws, the board of supervisors of every county shall have power:

"To establish or abolish tolls on roads built and maintained wholly by the county and not receiving aid from the State * * ."

"For carrying into effect these and their other powers, the boards of supervisors may make ordinances and by-laws and prescribe fines and other punishments for violation thereof   *   *   ."

On March 27, 1924, the board of supervisors of Augusta county passed an ordinance, pertaining to the collection of tolls on the toll roads in the county, in accordance with section 2743 of the Code as amended, the fifth clause of which provides as follows: "That any person violating any of the foregoing provisions shall be deemed guilty of a misdemeanor and shall be punished by a fine of not less than five dollars, nor more than fifty dollars, or by confinement in jail not exceeding thirty days, either or both."

[2] The plaintiff in error contends, (1) that the county of Augusta had no right to maintain toll gates upon the Middlebrook road, because the State contributed to the building of the road and is contributing to its maintenance; and (2) that the board of supervisors had no power to enact the ordinance prescribing the penalty for passing through the toll gates without payment of toll.

We cannot concur with either of these contentions.

As already appears, the Middlebrook road was a part of the county system, and since the State highway system was not established until 1918 (Acts 1918, p. 9), the State aid prior to the passage of that act was of necessity expended on the county roads.

No one questions the power of the legislature to pass the special road law of 1910, *supra.* That act clearly empowers the board of supervisors of Augusta county to "erect and maintain toll gates and demand and collect tolls," on any of the macadamized roads of the county, regardless of whether they were built by the county alone or with State aid. The Middle-

brook road being macadamized, it follows that the ordinances of the board of supervisors establishing the toll gates thereon were and are now valid and binding, unless the special act authorizing their establishment has been repealed or made ineffective by section 2743 of the Code of 1919.

[3, 4] The Code of 1919 was a revision of the general statutes of the Commonwealth, and does not repeal the special act of 1910. Where there has been a revision of the laws, the presumption is it was not intended to change the old law unless a contrary intention plainly appears in the new. *Chapman* v. *Richardson*, 123 Va. 391, 96 S. E. 776; *Harrison* v. *Wissler*, 98 Va. 597, 36 S. E. 982.

[5] The authorities are agreed that special and local laws are not repealed by general legislation, unless the latter contains language expressly repealing them, or language which clearly manifests the intention of the legislature to accomplish such repeal. *Commonwealth* v. *R. & P. Co.*, 81 Va. 355; *Trehy* v. *Marye*, 100 Va. 44, 40 S. E. 126.

[6] Section 2743 is not retroactive but prospective in its operation, and did not disturb existing situations. The authority granted is "in addition to the powers granted by other general statutes." It authorizes the board of supervisors to, hereafter, *establish* or *abolish* tolls on roads built and maintained wholly by the county and not receiving aid from the State. (Italics ours.)

It is true, as held in *Ferguson* v. *Board of Supervisors*, 133 Va. 561, 113 S. E. 860, that the Code, section 2743, recognizes only two classes of public roads— "that is, State highways or roads receiving State aid, and county highways, or public roads, which do not receive such aid." But it does not follow that toll

gates already legally established on county roads are abolished by the mere fact that the road on which they are located is receiving State aid. If such a result is desirable the question is one for the consideration of the legislature. We can only interpret the law as written.

[7] Section 2743 of the Code authorizes the boards of supervisors to enact certain local laws, and provides that, "for carrying into effect *these* and their *other powers*," they "may make ordinances and by-laws and prescribe fines and other punishments for violation thereof." The object of this provision was to empower the board of supervisors to make effective *all* of their powers. The Augusta board had the power, under the special act, to establish and maintain the toll gates in question, and, under the language just quoted, the authority to penalize those who fail or refuse to pay the prescribed tolls.

The ordinance of March 27, 1924, is a valid enactment of the board.

We find no error. The judgment will be affirmed.

*Affirmed.*