# Richmond

CITY OF PETERSBURG V. GENERAL BAKING COMPANY, INCORPORATED.

April 28, 1938.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*J. Gordon Bohannan,* for the plaintiff in error.

*Christian, Barton & Parker* and *Richard McDearmon,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

This writ of error brings under review a judgment of the trial court exonerating defendant in error from the payment of license taxes assessed against it by the City of Petersburg.

The General Baking Company, Inc., filed its petition alleging:

"1. That it is a corporation organized under the laws of the State of New York, and doing business in the State of Virginia under a certificate of authority obtained from the State Corporation Commission in accordance with the statutes of said State; that it owns and operates a large manufacturing plant in Norfolk, Virginia, where it produces and manufactures bakery products which it sells in Norfolk and elsewhere in the State of Virginia, including the City of Petersburg; that it is a manufacturer taxable on capital by the State of Virginia;

"2. That its sales of said bakery products, to-wit, bread and cakes, in the City of Petersburg are conducted in this wise—applicant's said bakery products, being family supplies of a perishable nature produced by it and not purchased by it for sale, .are shipped daily by the applicant from its manufacturing establishment in Norfolk to the City of Richmond in the truck or trucks of applicant and upon arrival in the City of Richmond said bakery products are transferred from the larger trucks of applicant to smaller trucks owned by applicant and operated by its

agents and employees who transport said bakery products to the City of Petersburg and there carry them from place to place and offer for sale, sell and deliver at the time of sale the said bakery products, including bread and cakes, from the said smaller trucks directly to consumers in said City of Petersburg and adjoining territory; that applicant does not keep a regular place of business in the City of Petersburg, open at all times in regular business hours; and at the same place;

"3. That applicant has been assessed with a license tax of $150.00 in accordance with the provisions of an ordinance of the said City of Petersburg adopted December 18, 1934. * * *

"BE IT ORDAINED by the Council of the City of Petersburg, in manner following:

"All persons, firms or corporations engaged in the occupation or business named below, for the year beginning January 1, 1935, and for each year thereafter, shall obtain from the Commissioner of the Revenue a license for the same, the annual tax on which shall be assessed and collected at the time the license is issued, at the following rates, and paid on or before the First day of January of each year:

### SECTION 575-A

"All persons, firms or corporations who do not keep a regular place of business in this city, open at all times in regular business hours and at the same place, who shall carry from place to place and, personally or through their agents, offer for sale or sell, and, at the time of such sale, deliver, bread, cakes, pies, ice cream and/or confectionery products to dealers or consumers in this city, shall pay a specific license tax of One Hundred and Fifty Dollars ($150.00), regardless of whether such person, firm or corporation has been taxed on capital by the State of Virginia. No pro rata. Not transferable. * * *

"That said assessment is erroneous and invalid and applicant is aggrieved by said assessment and has declined to

pay the same for the following reasons, among others, to-wit:

"That said City of Petersburg is without charter power to enact such an ordinance insofar as it affects applicant;

"That said City of Petersburg is by reason of the provisions of sections 192 and 192b of the State Tax Code and amendments thereto, prohibited from imposing such a license tax upon applicant;

" * * * That said erroneous assessment was not caused by the wilful failure or refusal of applicant to furnish the tax assessment authority with the necessary information as required by law."

The petition concludes with an appropriate prayer for relief.

Section 192 of the Tax Code, as amended in 1932, Code 1936, Appendix, p. 2457, defines peddlers and prescribes a State license tax to be levied upon each, with exceptions stated thus:

" * * * but this section shall not apply to those who sell or offer for sale in person or by their employees, ice, wood, meats, milk, butter, eggs, poultry, fish, oysters, game, vegetables, fruits, or *other family supplies of a perishable nature* grown or produced by them and not purchased by them for sale." (Italics supplied.)

The city of Petersburg concedes that this language exempts the General Baking Company from payment of a State license tax, but contends that the company is a peddler, as defined by this section of the Tax Code, and that express power was delegated to the city by its charter adopted in 1875, to impose a local license tax upon all hawkers and peddlers, which powers were not repealed by the subsequent enactment of a general statute.

The principles applicable to the construction of general and special acts repugnant to each other have been frequently stated by this and other courts. We quote a few excerpts from our own opinions.

"It is a principle that a general statute, without negative words, will not repeal by implication, from their

repugnancy, the provisions of a former one which is special or local, unless there is something in the general law, or in the course of legislation on its subject matter, that makes it manifest that the Legislature contemplated and intended a repeal. When the legislator frames a statute in general terms, or treats a subject in a general manner, it is not reasonable to suppose that he intends to abrogate particular legislation to the details of which he had previously given his attention, applicable to a part of the same subject, unless the general act shows a plain intention to do so. Sutherland on Stat. Const., sec. 157.

"The well-settled doctrine derived from all authorities is that laws special and local in their application, are not repealed by general legislation, 'except upon the clearest manifestation of an intent by the Legislature to effect such repeal, and, ordinarily, an express repeal by some intelligible reference to the special act is necessary to accomplish that end." *Trehy* v. *Marye,* 100 Va. 40, 40 S. E. 126, 128.

"Where a contrary intention is not manifest, the general rules relating to repeals by general laws of charter and ordinance provisions and legislative acts applicable to municipal corporations, which, in effect become constituent parts of their charters, may be thus summarized:

"1. Constructive repeals or repeals by implication are not favored.

"2. A later statute which is general does not repeal a former one that is particular unless negative words are used, or the acts are so entirely inconsistent that they cannot stand together. Thus laws existing for the benefit of particular municipalities ordinarily are not repealed by general laws relating to the same subject-matter. Stated in different phrase, where the subsequent general law and prior special law, charter or ordinance provisions do not conflict, they both stand, but this result must depend, of course, upon the legislative intent which is to be ascertained from an examination and comparison of the whole course of legislation relating to the subject under consideration." Excerpt from McQuillan on Municipal Corporations, sec. 875, quoted

with approval in *Scott* v. *Lichford,* 164 Va. 419, 180 S. E. 393, 394.

The pertinent part of the general statute (Tax Code, sec. 192) upon which the decision of the case turns, with the pertinent amendment adopted in 1932, italicized, Code 1936, Appendix, p. 2457, reads: "The councils or other governing bodies of cities and towns may also by ordinance or ordinances, classify peddlers for the purpose of city or town license taxation, and may impose upon each class the same or different rates of tax, *except no license tax may be imposed directly or indirectly upon those exempted from a State license by this section.*"

There is no equivocation or uncertainty in the meaning of the language used. It is conclusive that "no license tax may be imposed directly or indirectly" by any locality upon those who are exempt from the payment of a State license tax. The question is: Shall the power expressly delegated to the city of Petersburg to tax peddlers continue in full force and effect when, by a subsequent act, the legislature has declared that no such tax shall be imposed directly or indirectly? Full force and effect can not be given to the conflicting enactments.

"This is a question of legislative intent; and in solving the question in dispute, we are required to look to the words employed, according to their obvious meaning, and in this way ascertain and declare what was the legislative intent—what did the Legislature mean by the language employed, and in the connection in which it is employed as we find it in the act. * * * It cannot at this day be necessary to inquire into the right of the Legislature to make exemptions. The general right to do so is involved in the right to apportion taxes. * * * 'The power of exemption, as well as the power of taxation, is one of the essential elements of sovereignty.' " *Commonwealth* v. *Richmond & P. R. Co.,* 81 Va. 355.

The general provisions of Tax Code, sec. 192, defining peddlers, fixing a State license tax and a penalty for violations, and exempting farmers and producers of the enumer-

ated articles from the imposition of the tax, are not new. The general features are found in sections 50 and 51 of the Tax Bill of 1903. Acts 1902-3-4, ch. 148, p. 187. Section 51 of the Tax Bill was amended in 1908, providing "that nothing in this act shall be construed to prevent any city or town from requiring an additional license tax on such peddlers of pianos and organs, where the charter of such city or town authorizes it to impose license taxes." Acts 1908, ch. 99, p. 124.

In 1928 when the legislature adopted an act entitled "The Tax Code of Virginia," Acts 1928, ch. 45, p. 35, the exemptions remained unchanged. It thus appears that it has long been the established policy of this State not to impose a State license tax on any person who, either in person or by his employees, offers for sale to consumers, ice, fuel, meats, milk, butter, eggs, poultry, fish, oysters, game, vegetables, fruits, or other family supplies of a perishable nature, grown or produced by them. The State has been consistent in maintaining this policy of exemption to persons engaged in this class of peddling from the imposition of a State license tax, but it has not been consistent in withholding or delegating powers to cities and towns to impose a local license tax upon such activities. See Amendments, Acts 1914, ch. 280, p. 487; Acts 1915, Ex. Sess., ch. 148, p. 232; Acts 1916, ch. 457, p. 772; *Norfolk* v. *Plynn*, 101 Va. 473, 44 S. E. 717, 62 L. R. A. 771, 99 Am. St. Rep. 918; *Chambers* v. *City of Roanoke*, 114 Va. 766, 78 S. E. 407.

"The Tax Code of Virginia," as adopted in 1928, Acts 1928, ch. 45, contains a repealing provision and a saving provision. Section 436 expressly repealed more than 220 statutes. Section 437 contains the saving clause, reading: "No sections of the Code of Virginia, or amendments thereof, and no acts of assembly, or amendments thereof, are repealed by the Tax Code of Virginia except such sections and acts as are specifically repealed hereby."

The city contends that by virtue of this last mentioned section of the Tax Code, the provisions of the charter of the city of Petersburg, authorizing the city to impose

the local tax, were retained. The provisions prohibiting all cities and towns from imposing the local license tax was not adopted until 1932. Powers delegated to cities and towns to impose a local license tax upon business are found in the general law, Tax Code, sec. 296, Code 1936, Appendix, p. 2497, and are usually repeated in express terms in the charter provisions. The mere fact that the charter of the city of Petersburg states that the city may impose a license tax upon hawkers and peddlers is not sufficient to except the city of Petersburg from the operation of the 1932 amendment. The evident purpose of this amendment was to extend the policy of exemption to all towns and cities within the State. While the amendment enacted subsequent to the charter provision contains no words expressly repealing all acts in conflict therewith, full force and effect can not be given to the language of the general statute, unless it is held to apply to all cities and towns. "It is said that repeal by implication is not favored, and that statutes apparently in conflict are to be reconciled when possible. These are propositions at this late date not questioned; but where the implication is inevitable it has all the force of an express declaration." Judge Holt in *Commonwealth* v. *Rose,* 160 Va. 177, 168 S. E. 356, 357; *Commonwealth* v. *Sanderson, ante,* page 33, 195 S. E. 516.

It was held in *Corby Baking Co.* v. *Commonwealth,* 123 Va. 10, 96 S. E. 133, that a manufacturer or producer of bread and cakes sold to householders and consumers from delivery wagons by employees of the company, was within the exception of the statute, and was not subject to a State license tax. The amendment adopted in 1932 expressly declares that "no license tax may be imposed directly or indirectly upon those exempted from a State license by this section." Tax Code, section 192, Code 1936, Appendix, p. 2457.

The judgment of the trial court is affirmed.

*Affirmed.*