## Richmond

### The County School Board of Fairfax County, Virginia v. The Town of Herndon.

April 20, 1953.

Record No. 4059.

Present, Eggleston, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*James Keith, Hugh B. Marsh,* for appellant.

*Marshall A. Martin, Jr.,* for appellee.

Miller, J., delivered the opinion of the court.

The Town of Herndon is a small municipal corporation which lies wholly within Fairfax County. In a petition filed on February 12, 1952, against the County School Board of Fairfax County, it sought a declaratory judgment and consequential relief.

The court was asked to declare that petitioner had been constituted a separate school district, and as such, was entitled to place one member on the County School Board of Fairfax County in addition to those appointed by the County Board of Supervisors; and to order defendant School Board to seat petitioner's designated member. A demurrer to the petition filed by the County School Board was overruled, and upon defendant's election to plead no further, judgment was entered awarding the relief sought. We granted an appeal.

The following facts are alleged in the petition, and thus admitted by the demurrer:

The Town of Herndon was granted its first charter on January 14, 1879, Acts 1878-79, ch. 28, p. 25. Under an act of February 19, 1880, Acts 1879-80, ch. 93, p. 72, petitioner and other towns were given authority to become separate school districts. Prior to 1932, this act was amended at times, and through legislation of March 25, 1930, Acts 1930, ch. 412, p. 878, petitioner's right to be a separate school district was terminated because it could not qualify as such under the population requirements of that act. However, its right to become and be a separate school district was expressly restored by Acts 1932, ch. 117, p. 124. Insofar as that act pertains to the Town of Herndon, its pertinent part reads as follows:

"* * * provided, however, that the town of Herndon, of Fairfax county * * * and incorporated towns having a population of not less than one thousand inhabitants, according to the last United States census, may, by ordinance of the town council and by and with the approval of the State board of education, be constituted separate school districts either for the purpose of representation on the county school board, or for the purpose of being operated as a separate school district under a town school board of three members, appointed by the town council. In the event that such a town district be set up, to be operated by a board of three members, the members of such board shall be appointed in accordance with section seven hundred and eighty of the Code, providing for the appointment of trustees in

cities and of such members, one shall be designated by the town school board as a member of the county school board and entitled to serve as a member of said county board.''

This enactment of 1932 was emergency legislation and became effective on March 8, 1932. By passage of the required ordinance and through proper proceeding had on March 19, 1932, the Town Council of Herndon requested the State Board of Education to approve the town as a special school district, and that request was promptly granted. Thus petitioner asserted it became a special school district, and that it had complied with all provisions of law necessary to secure to it representation on the County School Board.

To bring its asserted right and claim to representaiton on the board down to date, petitioner alleged that through successive amendments and re-enactments,[1] the above quoted provision from the Act of 1932 has been continued in effect. The act in which it is incorporated was last re-enacted on April 4, 1950, Acts 1950, ch. 270, p. 451, and the quoted part now appears in section 22-43, Code of 1950. Insofar as it pertains to the Town of Herndon, the language in section 22-43 is almost identical with the above quoted extract from the Act of 1932, and if unrepealed or unimpaired by other legislation, its legal effect in this respect is the same.[2]

It is upon the quoted part of the Act of 1932, which now appears in language of identical legal import in section 22-43 that petitioner based its claim.

To present all of the pertinent facts and all legislation germane to the question at hand, the petition also set out that by an Act of March 26, 1932, Acts 1932, ch. 368, p. 727 (as amended, now section 15-266, *et seq.*, Code of 1950), the legislature provided for the adoption if desired by counties of Virginia, of either of two alternate forms of government, known respectively as the County Executive and the County Manager Forms of

---

[1] Acts 1936, ch. 314, p. 497; Acts 1938, ch. 318, p. 468; Acts 1942, ch. 422, p. 679 (Code 1942, sec. 653a2); Acts 1944, ch. 316, p. 467; Acts 1948, ch. 247, p. 483.

[2] Pertinent part of section 22-43, Code of 1950: "* * * provided, however, that the town of Herndon * * *, and incorporated towns having a population of not less than three thousand five hundred inhabitants, according to the last United States census, may, by ordinance of the town council and by and with the approval of the State Board, be constituted separate school districts either for the purpose of representation on the county school board, or for the purpose of being operated as a separate school district under a town school board of three members, appointed by the town council."

Government. The former was adopted in Fairfax County by referendum of November 7, 1950, and became effective and operative in that county on January 1, 1952. It also appears that demand was made upon defendant by the Town of Herndon that its duly designated representative, Thelma Detweiler, who represented petitioner as a separate school district, be seated as the Town's representative and member on the County School Board. That demand was denied because the Town of Herndon did not show or claim that it was, or is, *operated as a separate school district*.

The grounds of demurrer assigned by the County School Board briefly state its contentions. In effect, they are that the petition discloses that the Town of Herndon is not *operated as a separate school district*, and defendant says that it must be so operated to have representation on the County School Board under the county executive form of government. Otherwise stated, defendant asserts that Acts 1932, ch. 368, p. 727 (as amended, now section 15-266, *et seq.*, Code of 1950), authorized the adoption by counties of either of the designated forms of government, that under it the executive form was made effective in Fairfax County on January 1, 1952, and that as of that date it superseded section 22-43 insofar as that section gave petitioner representation on the County School Board. The specific part of the act which defendant says thus nullified section 22-43 is section 15-339. It reads as follows:

"Other provisions of law in conflict with any form of county organization and government adopted by any county pursuant to this chapter shall not apply to the county."

Defendant says that this section must be read in connection with section 15-292, a part of the same act, which provides for appointment of all of the members of the county school board by the board of county supervisors except where a town in the county "is operated as a separate school district, under a town school board." Petitioner concededly is not so operated. Thus defendant insists that the special legislation in section 22-43 applicable to the Town of Herndon is necessarily superseded and rendered inoperative by section 15-339 when it is considered along with section 15-292.

The general legislation enacted in 1932, Acts 1932, ch. 368, p. 727, which allowed a county to adopt the county executive or the county manager form of government was fundamental and

comprehensive. It gave to the counties, with certain exceptions, the right to adopt either of the specified forms of government. The legislation did not, however, as such, impose either form of government upon a county. It made no change in county government unless and until one form or the other was favorably voted in by a majority of the voters participating in an election held for the purpose. Though the executive form was adopted in Fairfax on November 7, 1950, it is conceded that it did not take effect until January 1, 1952. *Lipscomb, et al.* v. *Nuckols, et al.,* 161 Va. 936, 172 S. E. 886. It was on that date that the new government became operative and effective in accordance with the intent and through the procedure provided in the act. Though the act was actually passed by the General Assembly in 1932, insofar as Fairfax County is concerned, it has the legal effect of having been passed on November 7, 1950, when adopted by referendum and then by its terms it became effective on January 1, 1952.

"The rule is well settled that while the legislature may not delegate its power to make a law, it may make a law to become operative on the happening of a certain contingency or future event. For instance, there are in the cases examples of statutes which by their terms are in force only in such localities as may adopt the statute. A law of this kind, which by its terms may be made applicable to any county or subdivision thereof or any precinct therein by a vote taken at an election ordered for the purpose, is in the nature of a floating enactment until it is made applicable to a particular locality in the mode prescribed." 50 Am. Jur., sec. 497, p. 516.

"As a general rule a statute speaks as of the time when it takes effect and not of the time it was passed. Indeed, where a statute does not become operative immediately on its enactment, but the time of its going into effect is postponed until a later date, either by virtue of its own terms or a general statutory or constitutional provision, it ordinarily does not have any effect until the stated period has expired. Thus, when the time for taking effect is postponed, saving or repealing clauses in an act do not take effect at a different time from the act as a whole, though expressed in the present tense." 50 Am. Jur., sec. 500, p. 518.

"It will not be questioned that it is entirely competent for the legislature to provide for taking a vote of the people or of

any portion of them upon a measure directly affecting them, and if a given number be found in favor of its adoption to enact a law thereupon carrying it into effect. And there would seem to be but little difference in substance in a reversal of the process by first enacting the law in all its parts but providing that its operation is to be suspended until it be ascertained that the requisite number of the people to be affected by it were in favor of its adoption. In regard to many measures especially those of a local character, it might be eminently just and proper that before they should be actually enforced the wishes of a majority or some other proportion of those who are to bear the burdens and reap the benefits, if any, should be ascertained in some reliable form. * * *

"It will be conceded that the legislature may provide that an act shall not take effect until some future day named or until the happening of some particular event or in some contingency thereafter to arise or upon the performance of some specified condition. The exigencies of the government may frequently require laws of this character and to deny to the legislature the right so to frame them would be unduly to qualify and impair the powers plainly and necessarily conferred. Accordingly we find this a familiar feature in the legislation both of the national and state governments." *Bull, et al. v. Read, et al.,* 13 Gratt. 78, 89.

"As a general rule, a statute speaks of the time it takes effect and not as of the time it was passed." *Farmers National Bank & Trust Co. of Reading, etc. v. Berks County Real Estate Co., et al.,* 333 Pa. 390, 395, 5A (2d) 94, 121 A. L. R. 905.

In the general legislation of 1932 the above principle of law is approved and expressly made applicable by the language of section 15-269, which is:

"From and after the date on which the officers first elected under the provision of the succeeding section shall take office, the form of organization and government of such county shall be in accordance with the form of organization and government adopted by the voters thereof and as hereinafter provided."

The officers elected in Fairfax County under the section referred to took office January 1, 1952, and thus the new government became operative on that day. Therefore, insofar as Fairfax County is concerned, section 15-292 is an enactment of later date than section 22-43.

Petitioner contends, however, that section 22-43 does not conflict with section 15-292, and that it should be considered merely as an exception to the provisions of the later and more general section, and the two thus harmonized. *Gordon, et al.* v. *Conner, et al.,* 183 Okla. 82, 80 P. (2d) 322, 118 A. L. R. 783; *Commonwealth* v. *Sanderson,* 170 Va. 33, 195 S. E. 516; *City of Charlotte* v. *Kavanaugh, etc., et al.,* 221 N. C. 259, 20 S. E. (2d) 97; *South and Western Railway Co.* v. *Commonwealth,* 104 Va. 314, 51 S. E. 824.

If the two sections cannot be harmonized, then petitioner insists that the act on which it relies is special legislation and though enacted for the last time prior to the dates on which the executive county form of government was respectively adopted and took effect, it should nevertheless take precedence over the provisions of section 15-292, and is not repealed by section 15-339.

"The authorities are agreed that special and local laws are not repealed by general legislation, unless the latter contains language expressly repealing them, or language which clearly manifests the intention of the legislature to accomplish such repeal. *Commonwealth* v. *R. & P. Co.,* 81 Va. 355, *Trehy* v. *Marye,* 100 Va. 44, 40 S. E. 126." *Hamilton* v. *Commonwealth,* 143 Va. 572, 577, 130 S. E. 383.

With this general principle of law we agree. But here an important provision of a comprehensive act, which changed the organization and form of county government and which took effect subsequent to enactment of the special or local law, is found to be in conflict with the special legislation. No ordinary case of repeal by implication is presented, but one which unerringly prompts the belief and makes certain the conviction that the legislature manifestly intended that the comprehensive act should prevail over the special legislation and be thus given full force and effect when the new government became operative. If not, the contemplated reorganization and new scheme of government as voted in would be materially impaired.

In the case of *City of Petersburg* v. *General Baking Co., Inc.,* 170 Va. 303, 196 S. E. 597, a special act and a general law were found to be in conflict. There the power to tax peddlers had been expressly delegated to the city of Petersburg by special act and by a subsequent general act, the legislature declared that no such tax should be imposed either directly or indirectly. In

holding that the general act should prevail, Mr. Justice Hudgins, now Chief Justice, said:

"The mere fact that the charter of the city of Petersburg states that the city may impose a license tax upon hawkers and peddlers is not sufficient to except the city of Petersburg from the operation of the 1932 amendment. The evident purpose of this amendment was to extend the policy of exemption to all towns and cities within the State. While the amendment enacted subsequent to the charter provision contains no words expressly repealing all acts in conflict therewith, full force and effect can not be given to the language of the general statute, unless it is held to apply to all cities and towns. * * *" At p. 311.

Section 15-292, which sets up the Department of Education under the county executive form of government and provides for the selection of the members of the county school board by the board of supervisors, and section 15-339, which repeals all provisions of law in conflict with that form of government when adopted by a county, were parts of the general act when it was first passed. The special act relied upon by petitioner, now Code section 22-43, provides without qualification that the Town of Herndon shall be represented on the County School Board. It is thus irreconcilable with section 15-292 which only permits a "town in a county which is operated as a separate school district under a town school board" to be represented on the county school board. That being true, it is self-evident that section 15-339, when read in connection with its companion section 15-292, was intended to and does expressly repeal and render inoperative section 22-43 insofar as it applies to the Town of Herndon.

The decree appealed from is reversed and a decree will be entered here sustaining the demurrer and dismissing the petition.

*Reversed and final decree.*