**In re William Allen SELTZER, Debtor.**

**William Allen SELTZER, Plaintiff,**

**v.**

**GENERAL FINANCE CORP., Defendant.**

**Bankruptcy No. 80 K 0696.**

United States Bankruptcy Court,
D. Colorado.

Nov. 4, 1980.

Thomas E. Merrigan, Boulder, Colo., for defendant.

Edward I. Cohen, Denver, Colo., for plaintiff.

Richard L. Levine, Director and Counsel, Executive Office for U. S. Trustees, Dept. of Justice, Washington, D. C., for intervenor, United States of America.

GLEN E. KELLER, Jr., Bankruptcy Judge.

## MEMORANDUM AND ORDER UPON COMPLAINT PURSUANT TO 11 U.S.C. § 522(f)

Plaintiff, William Allen Seltzer, seeks to avoid the fixing of a lien upon certain personalty pursuant to the provisions of 11 U.S.C. § 522(f).[1] The Defendant, General Finance Corporation, obtained a nonpossessory, nonpurchase–money security interest in household goods on August 20, 1979, some six weeks prior to the effective date of the Bankruptcy Reform Act of 1978 (Pub.L. 95–598, U.S.Code Cong. & Admin. News 1978, p. 5787, codified as Title 11, United States Code) and approximately nine months after its enactment. Defendant argued that as its interest in property was vested prior to the effective date of the Act, the application of § 522(f) to this lien exempting a portion or all of the security from the fixing of the lien is violative of the fifth and fourteenth amendments to the United States Constitution. The United States has intervened in the proceeding pursuant to the provisions of 28 U.S.C. § 2403 and has submitted its brief in support of the constitutionality of § 522(f) under these circumstances.

This Court has previously ruled that § 522(f) cannot constitutionally be applied to security interests vested prior to November 6, 1978, the date of enactment of the Bankruptcy Code. *Hoops v. Freedom Finance and Security Industrial Bank*, 3 B.R. 635, 6 B.C.D. 273 (Bkrtcy.D.Colo.1980). See also, *Rodrock v. Security Industrial Bank*, 3 B.R. 629, 6 B.C.D. 267 (Bkrtcy.D.Colo.1980); *Jackson v. Security Industrial Bank*, 4 B.R. 293 (Bkrtcy.D.Colo.1980). The foregoing decisions and their companion cases are the subject of an appeal by the United States to the Court of Appeals for the Tenth Circuit. No decisions have been found in this District which deal with the constitutional propriety of the application of § 522(f) to nonpossessory, nonpurchase–money security interests obtained in the gap period between November 6, 1978, and October 1, 1979. One decision has been rendered, however, in

---

1. "Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

    "(1) a judicial lien; or

    "(2) a nonpossessory, nonpurchase–money security interest in any—

    "(A) household furnishings, household goods, wearing apparel, appliances, books, ani-

mals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

    "(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

    "(C) professionally prescribed health aids for the debtor or a dependent of the debtor."

which it was determined that § 522(f) could not constitutionally be applied to a judicial lien which attached during that gap period. *Lucero v. Security Industrial Bank*, 4 B.R. 659 (Bkrtcy.D.Colo.1980).

Several decisions appear in the published reports from other jurisdictions which deal with the application of § 522(f) to security interests granted during the gap period. Each of these cases, insofar as the Court is aware, has determined that § 522(f) may constitutionally apply to those interests. *In re Beck*, 5 B.R. 169, 6 B.C.D. 491 (Bkrtcy.C. D.Ill.1980); *Centran Bank of Akron v. Ambrose*, 4 B.R. 395, 6 B.C.D. 454 (Bkrtcy. N.D.Ohio 1980); *U. S. Life Credit Corporation v. Steinart*, 4 B.R. 354, 6 B.C.D. 623 (Bkrtcy.W.D.La.1980); *Head v. Home Credit Co.*, 4 B.R. 521, 6 B.C.D. 489 (Bkrtcy.D. Tenn.1980). In *Hoops, supra*, the decision was based upon the binding effect of *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935). The Court determined that the intent of the Congress was to apply the provisions of § 522(f) retroactively in violation of the proscription of *Radford*, thus distinguishing the result from *Wright v. Vinton Branch of Mountain Trust Bank*, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736 (1937). In *Lucero*, Judge Moore of this Court concluded that the retroactive application proscribed by *Radford* was equally applicable to a gap–period judicial lien, reasoning that the date of effectiveness, rather than the date of enactment, was the critical date. Several state court decisions have considered whether a statute speaks from the time it is effective or from the date of its enactment. Uniformly, those decisions have held that a statute is not notice to anyone of its terms, and the public is not bound to regulate its conduct according to the statute until the effective date. *Yelle v. Kramer*, 83 Wash.2d 464, 520 P.2d 927 (1974); *Regal Properties v. Donovitz*, 479 S.W.2d 748 (Tex.Civ.App.1972); *Bd. of Fairfax County v. Town of Herndon*, 194 Va. 810, 75 S.E.2d 474 (1953); *People v. Righthouse*, 10 Cal.2d 86, 72 P.2d 867 (1937).

■ Each of the above–cited cases is distinguishable upon its facts, and none involved a federal constitutional question. More significantly, none pitted private property interests against the express constitutional power of the Congress to pass laws on the subject of bankruptcies. That power has repeatedly been held to justify substantial interference with the property rights of individuals so long as the interference is not so grossly arbitrary or unreasonable as to be incompatible with fundamental law. *Kuehner v. Irving Trust Co.*, 299 U.S. 445, 57 S.Ct. 298, 81 L.Ed. 340 (1937); *Campbell v. Alleghany Corp.*, 75 F.2d 947 (4th Cir.), *cert. denied* 296 U.S. 581, 56 S.Ct. 92, 80 L.Ed. 411 (1935). In light of the strong policy giving honest debtors a fresh start and the rational basis for § 522(f), as described in its legislative history,[2] this Court is not prepared to hold that it would be grossly unfair to charge Defendant with notice of § 522(f) from the time the new Code was enacted. Individuals have been charged with notice of the provisions of a new law under circumstances similar to those at hand. *Diamond Glue Co. v. U. S. Glue Co.*, 187 U.S. 611, 23 S.Ct. 206, 47 L.Ed. 328 (1902).

*Radford, supra*, does not supply sustenance to the objection here. The *Radford* and *Hoops* retroactivity is dissimilar to that in the present case. The Courts of this District and Circuit have recognized that a statute is not rendered retroactive merely

2. The legislative history states that "Frequently, creditors lending money to a consumer debtor take a security interest in all of the debtor's belongings and obtain a waiver by the debtor of his exemptions . . . . If the debtor encounters financial difficulty, creditors often use threats of repossession of all of the debtor's household goods as a means of obtaining payment.

"In fact, were the creditor to carry through on his threat and foreclose on the property, he would receive little, for household goods have little resale value. They are far more valuable to the creditors in the debtor's hands as they provide a credible basis for the threat, because the replacement costs of the goods are generally high. The creditors rarely repossess, and debtors, ignorant of the creditors' true intentions, are coerced into payments they simply cannot afford to make." H.R.Rep.No.95–595, 95th Cong., 1st Sess. 127, *reprinted in* [1978] U.S.Code Cong. & Ad.News, pp. 5963, 6088.

because the facts upon which its subsequent action depends are drawn from a time antecedent to its enactment. *Lohf v. Casey*, D.C., 330 F.Supp. 356 (1971), *aff'd* 466 F.2d 618 (10th Cir. 1972). This principle has even more significance in cases such as the instant case, where the statute affects rights acquired after the enactment of the Statute.

It is clearly the Court's duty to uphold the constitutionality of a statute unless the Court can find no rational basis for such ruling. *National Mutual Insurance Co. v. Tidewater Transfer Co.*, 337 U.S. 582, 69 S.Ct. 1173, 93 L.Ed. 1556 (1949). In the case at hand, the Defendant has simply not met its burden of clearly demonstrating that the enactment of the new Code before the acquisition of property rights does not present a constitutionally dissimilar situation than that presented in *Hoops*. Now, therefore, it is

ORDERED that the Defendant's objection to the constitutional application of § 522(f) is overruled.

FURTHER ORDERED that the security interests claimed by the Defendant be and they hereby are set aside and held for naught to the extent that such security interests attach to household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, jewelery, or implements, professional books, or tools of the trade of the Debtor, or professionally prescribed health aids, as more fully described in 11 U.S.C. § 522(f).