## CIRCUIT COURT OF FAIRFAX COUNTY

Fathalla El-Meswari et al.

v.

Dean P. Yeonas Organization et al.

November 13, 1991

Case No. (Law) 105986

By JUDGE THOMAS S. KENNY

The issue in this case is whether a general partner must have been named as an individual defendant in a suit against the partnership in order to be held personally liable for a judgment against the partnership. I find that he must.

On October 18, 1990, the plaintiffs instituted suit against Yeonas-Kim's Forest Partnership ("the partnership") and Dean P. Yeonas Organization, Inc. ("Yeonas"), one of the general partners thereof. Fairfax Circuit Court, Law No. 100541. The suit was for the return of a deposit paid by plaintiffs under a contract that they claimed was voidable under § 11-2.3 of the Virginia Code (since repealed). Judge Stevens of this court awarded summary judgment to the plaintiffs on March 22, 1991, in the amount of $18,000.

The original action described the partnership as a "joint venture" between Yeonas and Mr. Jae H. Kim ("Kim") for the purpose of developing and selling certain lots in Fairfax County. Yeonas was described as the "managing general partner" and Kim was the "title holder to the property being developed." The answer filed by Yeonas and the partnership admitted these allegations. Kim was not named as a party defendant nor was he served with process in the suit.

After the judgment became final, plaintiffs sought to enforce it by instituting this garnishment action against JHK Companies, Inc. ("JHK"). JHK was nowhere mentioned in the previous suit, and the garnishment action alleges no basis for asserting liability on the part of JHK.[1] JHK asserts that it first learned of the action against the partnership when these proceedings to enforce the judgment began.

JHK has filed a motion to quash the garnishment summons and to prohibit further enforcement efforts against it personally. In its motion, JHK asserts that the partnership is a general partnership, and that JHK is a general partner thereof. Kim individually is not mentioned in the garnishment summons or in the motion to quash.

For purposes of this motion, I will take as true that the partnership is a general partnership. Certainly the liability of general partners is no less than that of joint venturers. *Burruss v. Green Auction & Realty Co., Inc.,* 228 Va. 6 (1984). I will also take as true the assertion that JHK is a general partner in the partnership.

Surprisingly, there is apparently no case law in Virginia on the question of whether a partner who is not named in a suit against the partnership is personally liable for a resulting judgment. JHK has submitted authorities from other states that support its position that there is no such personal liability, but plaintiffs rightly point out that those cases are grounded on statutes that differ somewhat from ours. The Virginia statute, plaintiffs claim, supports their position. The applicable section of the Uniform Partnership Act as adopted by Virginia is set out

---

[1] Presumably, Kim has some ownership interest in JHK, but that is simply never discussed. Nor is there any discussion of why the corporate veil should be pierced if Kim is liable as a partner in the partnership. It is possible that plaintiffs simply realized that it is JHK and not Kim who is actually the partner in the enterprise, as alleged in JHK's motion to quash.

in full in the margin.[2] The pertinent language is the last two sentences.

There has been no question raised as to the validity and binding effect of the judgment against the partnership. For purposes of this motion, there is no challenge to the proposition that the *partnership's* assets are liable to satisfy the judgment. The only issue is the effect of the language that *partners* "shall be liable for judgment and be subject to execution to the extent and in the manner provided by law."

Plaintiffs contend that this language means that once a judgment is obtained against a partnership, that judgment may be enforced against the personal assets of each partner, regardless of whether he was named in the action against the partnership. JHK, on the other hand, contends that a partner is personally liable only when the judgment is against him personally, and that his assets are subject to execution only for such personal judgments.

There is no case law on the point, but I believe that JHK's position is by far the stronger from the point of view of statutory construction, common sense and fundamental fairness. Since the last sentence of § 50-8.1 does not contain any commas, it is apparent that the phrase "to the extent and in the manner provided by law" applies to *both* the phrase "liable for judgment" and the phrase "subject to execution." If this is so, the statute says in effect that a partnership can be sued in its own name and its assets will be subject to satisfying any resulting judgment, but its partners will only be subject to judgment on the partnership liability in the manner provided by law. The "manner provided by law" in cases like this is

---

[2] Capacity of partnership to sue and be sued. -- Any partnership organized under the laws of this Commonwealth or of another jurisdiction shall have the capacity, with or without the joinder of one or more of its partners, to (i) sue in the courts and agencies of the Commonwealth as a separate entity under the name specified in its recorded certificate of partnership; and (ii) be sued in such courts and agencies under such name, or if there is no recorded certificate, under the name by which it does business. All judgments and executions against any partnership shall bind its real and personal property. Its partners shall also be liable for judgment to the extent and in the manner provided by law. Code of Va. (1950), Section 50-8.1 (Repl. Vol. 1989).

Section 8.01-304, which provides in pertinent part as follows:

> Process against a copartner or partnership may be served upon a general partner, and it shall be deemed service upon the partnership *and upon each partner individually named in the action,* provided . . . the matter in the suit is a partnership matter.

Code of Va. (1950) § 8.01-304 (Repl. Vol. 1984) (Emphasis added.)

This statute sets the norm for obtaining a judgment against a partner on a partnership matter, and that is by naming him individually in the suit. If the General Assembly had intended by § 50-8.1 to depart from this norm to the extent suggested by plaintiff, it should have said so more plainly. *Hamilton v. Commonwealth,* 143 Va. 572 (1925).

In the case of *McCormick v. Romans and Gunn,* 214 Va. 144 (1973), the plaintiff had sued the two partners in a law firm without naming the partnership. The court noted that the Uniform Partnership Act, by permitting the partnership to be sued as an entity, had changed the common law rule that a partnership could only be sued by naming all its partners. It went on to say that the statute did not expressly do away with the old system of being able to name all the partners without naming the partnership, and thus the suit by Mrs. McCormick was allowed to proceed. This position by the Supreme Court, while not directly controlling, does reinforce my sense that if the UPA were intended to do away with the common law requirements for obtaining a judgment against an individual, it should have said so expressly.

Due process considerations also apply here. The essence of due process in civil proceedings is notice and an opportunity to be heard. *See Sims v. Sims,* 140 Va. 435 (1924). Neither was afforded to JHK here.

Finally, common sense indicates that plaintiffs' reading of the statute is overbroad. Plaintiffs are saying, in effect, that a judgment lien attaches automatically to the assets of every partner when a judgment is rendered against the partnership. This would mean that if a partner

sued a partnership of which she was a member, then her own assets would be encumbered by a judgment lien in her favor. There may be circumstances under which her partners could call for contribution by her, but to suggest an automatic lien is not a common-sense result.

For the reasons stated, the motion to quash is granted, and no further enforcement action against JHK shall be taken unless and until a proper judgment against it has been obtained.